IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JAMAR CONRAD CHAMBERS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:18-cv-429-JDK-KNM |
| § | |
| JEFFREY CATOE, et al., § | |
| § | |
| Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jamar Chambers, a former Texas Department of Criminal Justice inmate proceeding pro se, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

Before the Court is Defendants Deadra Martin and Wando Oliver's motion for summary judgment for failure to exhaust administrative remedies. Docket No. 36. On March 9, 2021, Judge Mitchell issued a Report recommending that the Court grant Defendants motion for summary judgment. Docket No. 54. Plaintiff filed objections. Docket No. 60.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United*

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff states that after he was injured, he was placed in a pre-hearing detention cell for twenty-one days with a broken hand. Docket No. 60. During that time, he says he asked for Step One grievances but was "met with the normal resistance an offender receives when in lockup." *Id.* When he finally received a form, he had a neighbor complete it for him. *Id.* Plaintiff states he turned this grievance in on the same day as his sick call request, but he did not know it had been lost until after the fifteen-day grievance window had expired. *Id.* He notes that he is not a lawyer and has no control over the "corrupt prison system." *Id.* Plaintiff argues that he tried to exhaust administrative remedies even if he was late and that exhaustion of administrative remedies should not supersede his Eighth Amendment rights. *Id.*

Plaintiff's conclusory and unsubstantiated assertion that he initiated the applicable grievance procedure on November 28, 2016 does not create a genuine dispute as to his exhaustion of the administrative remedies.[1] While he filed two grievances in January 2017, neither Step One grievance mentioned the incident forming the basis of his claims against these Defendants. Instead, Plaintiff waited

---

[1] Judge Mitchell correctly observed: "Otherwise, a prisoner could defeat the exhaustion requirement by the simple expedient of claiming he filed a grievance which was never processed, or attaching post-dated grievance forms to his complaint and claiming that the prison officials refused to process his grievances." Docket No. 54 at 9 n.1 (citing *Wall v. Black*, No. 5:08-cv-274, 2009 WL 3215344, at *6 (S.D. Miss. Sept. 30, 2009)).

2

almost a year before filing a grievance concerning this incident. Judge Mitchell correctly determined that this lengthy delay demonstrated a lack of reasonable diligence, which is required for equitable tolling of a limitations period. *See, e.g.*, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Further, exhaustion of administrative remedies prior to filing suit is mandatory and a prisoner civil rights lawsuit must be dismissed if available administrative remedies were not exhausted. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 54) as the opinion of the District Court. The Court hereby **GRANTS** Defendants Deadra Martin and Wanda Oliver's motion for summary judgment (Docket No. 36) and **DISMISSES** Plaintiff's claims against Defendants Martin and Oliver without prejudice for failure to exhaust the required administrative remedies. The dismissal of these claims and parties shall have no effect upon the remaining claims and parties in this case.

So **ORDERED** and **SIGNED** this **9th** day of **September, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE